IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE JUAN BAILEY, #242893    \*
        Petitioner,
    v.                                 \*    CIVIL ACTION NO. DKC-16-1144

WARDEN MARY LOU MCDONOUGH,[1]    \*
  *et al*.        Respondents.
                                         \*\*\*\*\*

**MEMORANDUM OPINION**

Lawrence Juan Bailey ("Bailey"), is a detainee confined at the Prince George's County Detention Center ("PGCDC") awaiting trial on robbery, armed robbery, second-degree assault and theft charges. On April 18, 2016, the court received for filing his unsigned 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus attacking his current pretrial detention. Specifically, he claims that on January 28, 2016, he was arrested and "unlawfully detained and imprisoned by Prince George's County Police officials." ECF No. 1 at p. 8. Bailey contends that while in custody at a Hyattsville, Maryland police station he was arrested for a failure to appear for driving without a license and extradited to the PGCDC "by way of threat, duress, coercion, and mispresentation" on robbery, armed robbery, second-degree-assault, and theft charges "in violation of [his] procedural due process rights of the Fifth Amendment." *Id*. at p. 9. Bailey states that the charges were issued by a police officer based upon "the statement of the alleged complaining victim witness." *Id*. He claims that his procedural due process rights were violated due to "fraud" as he was never served with a subpoena before the arrest warrant was issued and then was served with an arrest warrant but no subpeona; he was not provided with a probable cause hearing, and his rights under civil forfeiture law were violated. *Id*. at pp. 9-10. Bailey asks this court to issue show cause and "declaratory"

---

[1] The court takes judicial notice of the correct spelling of the surname of Respondent. The docket shall be modified.

orders to the State of Maryland as to the lawfulness of his detention and its adherence to "civil forfeiture estate law." Because he appears indigent, Bailey's Motion for Leave to Proceed In Forma Pauperis shall be granted.

Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Federal court intervention is not permitted where available avenues exist in the state courts to address the claims asserted. In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). The burden of proving that a claim has been exhausted lies with the petitioner. *Mallory v. Smith,* 27 F.3d 991, 994 (4th Cir. 1994) (citations omitted). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Special circumstances do not exist if adequate state court procedures are available to protect a petitioner's constitutional rights. *See Moore v. DeYoung,* 515 F.2d 437, 449 (3d Cir. 1975).

The state court docket shows that Bailey was indicted by a grand jury on January 7, 2016, on charges of attempted carjacking/possession/intimidation, robbery, second-degree assault, theft of property with a value less than $1,000.00, and attempted unlawful taking of a motor vehicle. He failed to appear at his initial arraignment on January 29, 2016. *See State v. Bailey*, Case No.

CT160022X (Prince George's County Circuit Court) (copy attached). A bench warrant was issued on February 3, 2016, and was recalled on Bailey's motion on March 14, 2016. Bailey, who is represented by counsel, has filed discovery motions and trial is currently scheduled for May of 2016.[2] Bailey presents no exceptional circumstances for federal court intervention in his pending state criminal case. The Petition will therefore be dismissed without prejudice.

To the extent that Bailey may seek appellate review, he has no absolute entitlement to appeal the dismissal of his § 2241 petition. *See* 28 U.S.C. § 2253(c)(1). A Certificate of Appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). Bailey "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). The court declines to issue a Certificate of Appealability because Bailey has not made the requisite showing. A separate Order follows dismissing the Petition without prejudice and closing the case.

Date:  April 21, 2016                         /s/
                                              DEBORAH K. CHASANOW
                                              United States District Judge

---

[2] Bailey was also indicted by a grand jury on March 24, 2016, and is awaiting trial on charges of robbery with a deadly weapon, robbery, second-degree assault, and theft of property with a value of less than $1,000.00. *See State v. Bailey*, Case No. CT160359X (Prince George's County Circuit Court) (copy attached). He is represented by counsel and has received a bond hearing. His criminal case is currently scheduled for trial on August 3, 2016. *Id.*

3